A. N. DAVISON, Petitioner, **v.** BOARD OF EXAMINERS, Respondent.

No. 1749; September 3, 1868.

**Militia.—The Allowance of Money, Under Laws of 1863,** page 445, to duly uniformed military companies, payable to their several commanding officers, was intended to defray necessary company expenses and not for the benefit of the members as individuals.

**Militia.—The Law of 1863 Allowing Three Hundred Dollars** to each uniformed company, payable to its captain or commanding officer, cannot be availed of, after its repeal, by a captain of a company long disbanded.

Mandamus.

Geo. Cadwalader for petitioner; Attorney General for respondent.

SAWYER, C. J.—The company of which the petitioner, A. N. Davison, was captain, was mustered out on the 24th of May, 1866. On the 10th of April, 1868, nearly two years after the company had been disbanded, the petitioner, a commanding officer, certified to the board of military auditors a claim for portions of the three hundred dollars per annum allowed under the fourteenth section of the "Act in relation to the militia of the state," as amended in 1863, corresponding to the portions of the years from April 25, 1863, to January 4, 1864, and from January 1, to May 24, 1866. The reason for the long delay in presenting the claim does not appear. The board of examiners refused to recognize the claim, and a peremptory mandate is sought to compel its allowance.

Said section 14 provides that: "The sum of three hundred dollars annually shall be audited by the board of military auditors and paid out of the military fund, to each duly uniformed company of sixty active members . . . . and be receipted for by the captain, or commanding officer of said company": Laws 1863, p. 445.

If there is no other difficulty in the way, it seems clear to us that the petitioner is not entitled to demand or receive the money. The allowance under the act was made to the com-

pany, as an organized body, to defray its necessary expenses as a company, and not for the benefit of the members as individuals. The company has long since ceased to exist as an organized body recognized by law, and it has no captain or commanding officer, and the law itself under which it formerly existed has been repealed. There was a company, and a commanding officer, but neither now exists as such. The law has provided no representative, or successor in interest, authorized to call upon the state for the sum authorized to be paid, or to appropriate or dispose of it when received. Or if there is any such provision, it has not been brought to our notice. If the state was liable to the claim at any time prior to the disbanding of the company in May, 1866, there has been, since that time, no body, or officer in existence, entitled to demand or receive it.

Under those views it is unnecessary to discuss the other points made in the briefs.

The mandate must be denied, and it is so ordered.

We concur: Crockett, J.; Sprague, J.